IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**FILED**
**JUN - 3 2008**
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| **THERESA McGILL**<br>11101 Georgia Avenue, Apt. 505<br>Wheaton, Maryland 20902<br><br>**Plaintiff**<br><br>v<br><br>Lurita Doan, Administrator<br>General Services Administration<br>U.S. General Services Administration<br>1800 F Street, NW<br>Washington, DC 20405<br><br>**Defendant** | Case: 1:08-cv-00948<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 6/3/2008<br>Description: Employ. Discrim.<br><br>Deck Type: Employment Discrimination |

JURY ACTION

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

NOW COMES the plaintiff, Theresa McGill, by counsel, Patrick Henry LLP and Lawrence B. Manley, Esquire and brings this complaint for unlawful and intentional discrimination based on Race pursuant to Title VII of the Civil Rights Act of 1964, as amended, 29 C.F. R.§ 1614 et seq and under the Age discrimination and Employment Act (29 U.S.C., Section 633(a).

1.      Plaintiff, Theresa McGill, brings this action for discrimination based on her race and age. Title VII of the Civil Rights Act of 1964, as amended (Title VII), prohibits employers, including the Federal government, from discriminating against employees or applicants for employment on the basis of race. Discrimination against persons 40 years of age and over is prohibited by the Age Discrimination in Employment Act (ADEA). 29 U.S.C. §633a, as

1

amended. Theresa McGill's complaint seeks legal and equitable relief against the Defendant, U.S. General Services Administration ("GSA").

## PARTIES

2.  Plaintiff, Theresa A. McGill, is a Black female, (DOB: 12/31/1948) and a citizen of Maryland. The Plaintiff was employed as a Program Analyst, GS-0343-15, Office of the Chief Acquisition Officer (OCAO), Central Office, General Services Administration, Washington, District of Columbia at the time all actions complained of herein were taken. The Plaintiff had been in her position as a Program Analyst since 1996. Her first level supervisor at the time was Emily W. Murphy (age/32 and race/Caucasian), Chief Acquisition Officer. Her second level supervisor was Lurita Doan (age/49 and race/African American).

3.  Defendant, Lurita Doan, is the Administrator of General Services Administration U.S. General Services Administration, and therefore, head of that agency of the Federal government. Lurita Doan is named as a party defendant to satisfy the filing requirements of the complaint.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and pursuant to Federal civil rights statute dealing with employment discrimination, namely, under Title VII of the Civil Rights Act (42 USC 2000e et seq) § 1614.101(b). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the ADEA.

2

## PROCEDURAL HISTORY OF COMPLAINT

The Plaintiff was subjected to discrimination when she was advised on January 11, 2007, that she would be detailed to another department in another agency the following day.

5. According to the counselor's report, on January 18, 2007, Plaintiff first sought counseling regarding her EEO claims.

6. On February 15, 2007, when it became apparent that Plaintiff's claims could not be resolved informally, the EEO counselor conducted the final interview and provide Plaintiff with notice of her rights with respect to filing a discrimination complaint.

7. On March 2, 2007, GSA received Plaintiff's formal complaint of discrimination also dated March 2, 2007. On July 11, 2007, Plaintiff amended her complaint to include two additional claims of discrimination.

8. Plaintiff's complaint was initially accepted for investigation on March 9, 2007. An amendment letter was sent to Plaintiff on July 16, 2007.

9. Plaintiff's complaint, including the amended claims, was investigated for GSA by Compucon Incorporated. On November 29, 2007, a copy of the Report of Investigation was sent to Plaintiff along with a letter informing Plaintiff of her right to request a hearing or a final agency decision.

10. On January 9, 2008, Plaintiff made a verbal request for a final agency decision on the record. Plaintiff's written request was received on January 14, 2008. Therefore, in accordance with the regulations found at 29 C.F.R. §1614.110, the GSA final decision, on the record, with appeal rights, was issued on February 27, 2008, and Plaintiff received a right to sue

letter dated on March 3, 2008 and fewer than ninety days have elapsed since Plaintiff received same.

## FACTUAL BACKGROUND

11  Plaintiff, Theresa A. McGill, is a Black female, (DOB: 12/31/1948) formerly employed as a Program Analyst, GS-0343-15, Office of the Chief Acquisition Officer (OCAO), Central Office, General Services Administration, Washington, DC.

12  The Plaintiff had been in her position as a Program Analyst since 1996. Her grade level in 2007, GS-15 Program Analyst. Her first level supervisor at the time was Emily W. Murphy (age/32 and race/Caucasian), Chief Acquisition Officer. Her second level supervisor was Lurita Doan (age/49 and race/African American). Plaintiff was discriminated against based on age (58; DOB: 12/31/1948) and race(African American), when she was told to report to work with Karen Pica on the Acquisition Workforce Training Fund (AWTF), in Fort Belvoir, effective June 11, 2007.

13.  The intentional, and unlawful acts of race and age discrimination carried out against the Plaintiff, who is a Black Female, and the intentional and wrongful acts of discrimination by General Services Administration, include but is not limited too: (1) GSA's intentional discrimination against the Plaintiff based on her age (59: DOB: 12/31/1948) and race (African American) when she was detailed for a 120-day developmental assignment to perform duties that were not commensurate to her grade level, GS-15 Program Analyst (2) Plaintiff was discriminated against based on age (59; DOB: 12/31/1948) and race (African American), when she was told to report to work with Karen Pica on the Acquisition Workforce Training Fund (AWTF), in Fort Belvoir, effective June 11, 2007, which was a decrease of her duties and

responsibilities, and (3) Plaintiff was discriminated against when Karen Pica threatened to place her on leave without pay status on June 22, 2007.

## COUNT I

(Plaintiff was disriminated against based on her age and race, in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. and in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 C.F. R.§ 1614 et seq.)

14. Plaintiff specifically incorporates paragraphs 1 through 13 and alleges as follows:

15. On January 22, 2007, the Plaintiff was detailed by Ms. Murphy to a Human Resources position. During a November 15, 2006, meeting with Ms. Murphy and George Barclay, it was explained to the Plaintiff that she was being sent on a 120 days detail to Human Resources to educate Human Resources on the operations of OCAO to obtain better service from Human Resources in the handling of personnel issues. The Plaintiff was informed OCAO was displeased with Human Resource's response to its needs. The Plaintiff asked for the effective date of the detail, who would be her supervisor, a where she would be seated and what her duties would be. She was informed that there were no answers to her questions at that time and a response would be provided later. The Plaintiff also asked whether or not any other GSA organizations were detailing employees to Human Resources, to which Mr. Barclay responded that he was not aware of any other details to Human Resources. The Plaintiff never received answers to her inquiries or written notification of her detail.

16. On January 11, 2007, Mr. Barclay came to the Plaintiff's office and informed her that she was being detailed to Human Resources the next day. The Plaintiff requested a copy of the unclassified duties of her detail, asked why she was being detailed and to whom she was

reporting. Mr. Barclay was unable to provide her with details. He informed the Plaintiff that Mr. William Kelly or someone else from his office would be contacting her. The Plaintiff informed Mr. Barclay that because she worked for OCAO, someone from her office should provide her with answers, to which Mr. Barclay never responded. The Plaintiff was never provided with answers. She, therefore, consulted with Employee Relations who suggested that she meet with Ms. Murphy. The Plaintiff went to Ms. Murphy seeking answers to her inquiries. Ms. Murphy instructed the Plaintiff to speak with Mr. Barclay. The Plaintiff, because she was not being provided with answers, sought assistance from Ms. Murphy's supervisor, John Phelps. Mr. Phelps informed her that someone would be contacting her to set up a meeting to discuss her detail.

17. On January 17, 2007, the Plaintiff met with Ms. Murphy and Mr. Kelly. The Plaintiff was informed that she would still be handling all Human Resources issues and the Continuity Of Operations Plan (COOP) responsibilities for OCAO. When the Plaintiff asked what the grade level of her responsibilities on detail would be she was informed that her responsibilities would be at either the GS-11 or GS-12 grade level.

18. The Plaintiff, when she started her detail, worked with OCAO managers on Human Resources issues. On March 7, 2007, one of the managers, Earl Warrington informed her that Mr. Barclay instructed him not to work with the Plaintiff on Human Resources actions. The Plaintiff was informed by her Human Resources contact, Christine Solomon, that during a meeting with Donna Davis, former Managements Analyst, OCAO, RaeAnn Erhler, Assistant to Donna Davis, Ms. Solomon was informed that Ms. Davis and Ms. Erhler would be handling all Human Resources actions and that she would no longer be involved in the process. Ms. Davis

and Ms. Erhler also informed Lucretia Ford, Human Resources Branch Chief, Mary Adams, Human Resources Branch Chief and Warren Rose, Human Relations Specialist of the same. Neither Mr. Barclay nor anyone else from OCAO informed the Plaintiff of any changes in the duties and responsibilities of her detail.

19. When the Plaintiff was informed that the detail would benefit her in that it would allow-her to compete for a position in a newly created Program Management Office, she questioned why she had to compete for her current position. Ms. Murphy informed the Plaintiff that OCAO would be reorganized with a new office established to handle administrative issues. Ms. Murphy also informed her that a new position would be created to head the new office. The Plaintiff states that a new office was established before she was detailed and before an official reorganization was put in place, which was headed by Ms. Davis. All of Plaintiff's duties were moved to the new office except her duties regarding Human Resources issues and COOP responsibilities.

20. The Plaintiff was never informed that these duties and responsibilities were being removed. She was made aware of the changes when Ms. Murphy sent an email to every-one announcing the changes.

21. Throughout her employment at GSA, the Plaintiff and/or exceeded GSA's expectations.

22. The Plaintiff was the only employee in the immediate office of the Chief Acquisition Officer (CAO) who was detailed. Of the six other employees under Ms. Murphy's direct supervision, all are White and four are younger than Plaintiff. None of these similarly-situated

comparators were detailed.

## COUNT II

(Theresa McGill- Complaint for employment discrimination based on age and race, under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. and under Title VII of the Civil Rights Act of 1964, as amended, 29 C.F.R.§ 1614 et seq.)

23. Plaintiff specifically realleges and incorporates in this Count II paragraphs 1 through 22 and alleges as follows:

24. The Plaintiff's race was a determining factor in GSA's decision to detail Plaintiff.

25. GSA knowingly and willfully discriminated against the Plaintiff on the basis of her age in violation of the ADEA.

26. The Plaintiff's age and race were factors in being sent on the 120 days detail. There were clear signs she was being forced to retire. In addition, during a meeting with two of her colleagues and Ms. Murphy, where the Plaintiff was the only African American present, Ms. Murphy commented that June 17 was the day Lincoln freed the slaves." Plaintiff has suffered invidious discrimination, infliction of emotional distress and mental anguish as a result of the actions of the defendants and its agents and/or employees.

## COUNT III

Plaintiff was discriminated against based on her age and race, in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. and in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 C.F.R.§ 1614 et seq.)

27. Plaintiff specifically realleges and incorporates in this Count III paragraphs 1

through 26 and alleges as follows:

28. The Plaintiff was told to report to work with Karen Pica on the Acquistion Workforce Training Fund (AWTF), in Fort Belvoir, effective June 11, 2007.

29. During a meeting dated June 7. 2007, with Karen Pica and Valerie Harris (Age 54 (DOB: 3/09/53), African American), Administrative Officer for the Office of the Chief Financial Officer, DOL, present, her immediate supervisor, Molly Wilkinson (age 40 and race/White), Chief Acquisition Officer, Office of the Chief Acquisition Officer, detailed the Plaintiff to a position located at Fort Belvoir with the Acquisition Workforce Training Fund (AWTF), Federal Acquisition Institute (FAI) with Karen Pica as her immediate supervisor effective June 11, 2007. The Plaintiff believed she was only on a 90 day detail when she received an email dated July 30, 2007, from the automated personnel system informing her that she had been reassigned to FAI effective July 8. 2007.

30. During the meeting, Ms. Wilkinson informed the Plaintiff that the purpose of her detail was to meet with GSA's Office of General Counsel and Chief Financial Officer offices to obtain permission for OCAO to use AWTF funds to pay salaries of employees to work at FAI. Ms. Wilkinson informed her that she had already sought permission to use the funds, but her request was denied. However, she wanted the Plaintiff to attempt to obtain permission again since there were fewer funds than originally believed to operate FAI. The Plaintiff was informed that her assignment was for only 90 days. The Plaintiff's assignment was not related to human resources duties for which she was trained during her previous detail, a return to her former position was never discussed. Plaintiff raised serious concerns regarding the commute to Fort

Belvoir and requested that she and Ms. Wilkinson discuss her concerns about the commute and other questions she had.

31.  The Plaintiff was the only employee in the immediate office of the Chief Acquisition Officer (CAO) who was detailed. Of the six other employees under Ms. Murphy's direct supervision, all are White and four are younger than Plaintiff. None of these similarly-situated comparators were detailed.

32.  The Plaintiff's age and race were factors in her reassignment because of the statements made by Ms. Murphy and Ms. Wilkinson continued to treat her in the same fashion as Ms. Murphy.

## COUNT IV

Plaintiff was discriminated against based on her age and race, in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. and in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 C.F. R.§ 1614 et seq.)

33.  Plaintiff specifically incorporates paragraphs 1 through 32 and alleges as follows:

34.  Plaintiff was discriminated against based on her age (DOB: 12/31/48) and race (African American) when she was told to report to work with Karen Pica on the Acquisition Workforce Training Fund (AWTF), in Fort Belvoir, Virginia, effective June 11, 2007.

35.  Karen Pica, her supervisor, threatened to place Plaintiff on leave without pay status on June 22, 2007. Karen Pica (Age 41 (DOB: 5/01/66), Caucasian), Director of the Federal Acquisition Institute (FAI), Office of the Chief Acquisition Officer, GSA threatened to place Plaintiff on leave without pay status on June 22, 2007. Ms. Pica threatened to place her on

leave without pay (LWOP) even after she left a voice message for Ms. Pica explaining that she was ill and had a doctor's slip. Plaintiff was home sick and informed Ms. Pica she had a doctor's slip, Ms. Pica requested that she fax the slip because she needed it before timecards were submitted, otherwise she would place the Plaintiff on LWOP. When the Plaintiff explained that she did not have a fax machine at home and could not drive because of the medication she had taken, Ms. Pica insisted on the doctor's slip in order to approve the Plaintiff's sick leave and submit her timecard. The Plaintiff, therefore, had a friend fax the requested documentation. The Plaintiff's discriminatory treatment relates back to Ms. Murphy's treatment of her.

36.   The Plaintiff was the only employee in the immediate office of the Chief Acquisition Officer (CAO) who was detailed. Of the six other employees under Ms. Murphy's direct supervision, all are White and four are younger than Plaintiff. None of these similarly-situated comparators were detailed..

## COUNT V

Plaintiff was discriminated against based on her age and race, in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. and in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 C.F. R.§ 1614 et seq.)

37.   Plaintiff specifically realleges and incorporates in this Count V paragraphs 1 through 36 and alleges as follows:

38.   As a result of the above-described intentional discriminatory actions by Defendant GSA, and unlawful acts of race and age discrimination carried out against the Plaintiff, who is a Black Female by General Services Administration, which include but is not

11

limited too: (1) GSA's intentional discrimination against the Plaintiff based on her age (59; DOB: 12/31/1948) and race (African American) when she was detailed for a 120-day developmental assignment to perform duties that were not commensurate to her grade level, GS-15 Program Analyst (2) Plaintiff was discriminated against based on age (59; DOB: 12/31/1948) and race (African American), when she was told to report to work with Karen Pica on the Acquisition Workforce Training Fund (AWTF), in Fort Belvoir, effective June 11, 2007 decreasing of her duties and responsibilities, and (3) discrimination against Plaintiff when Karen Pica threatened to place her on leave without pay status on June 22, 2007, all of which actions violated and continue to violate the Title VII of the Civil Rights Act of 1964, as amended and 29 C.F. R.§ 1614 et seq., the Plaintiff has been and is being deprived of income in the form of back pay and future pay, including pay from past and future promotions, and present and future benefits, including health benefits and future retirement and Social Security benefits accruing from her employment by Defendant GSA, as well as other fringe and employment benefits, such as future promotion opportunities and higher grades job assignments and transfers otherwise due. All her income and all these benefits in the total amount of at least One Hundred Thousand Dollars ($100,000) for the plaintiff has been denied based upon discrimination. Plaintiff demands payment of her damages in this action.

39.   As a result of the above-described actions by Defendant's GSA, in discriminating against the Plaintiff, the Plaintiff is entitled to equitable relief against Defendant's GSA in the form of immediate promotion.

40.   Defendant's GSA's intentional discriminatory actions against the Plaintiff wrongfully caused the Plaintiff to suffer, and she is has suffered and will continue to suffer,

humiliation, embarrassment, and indignity, as well as the consequential severe mental and emotional injury resulting therefrom (including anxiety, depression, withdrawal, and sleep disruption), all as a direct and proximate result of the Defendant's GSA's actions. For all the harm the Plaintiff demands compensatory damages in the amount of

Three Hundred Thousand Dollars ($300,000).

41. Plaintiff, as a result of the above-described intentional, willful, and discriminatory actions by Defendant's GSA, in discriminating against the Plaintiff, all of which violated 29 U.S.C. 614, et seq. is entitled to an attorney fee award against the United States.

42. Wherefore, plaintiff demands an award of reasonable attorney's fees against the United States by virtue of the EAJA. Plaintiff demands the award of her attorney's fees for legal service rendered in this action.

43. Plaintiff, as a result of the above-described intentional, willful, and discriminatory actions by Defendant's GSA, in discriminating against the Plaintiff, all of which violated 29 U.S.C. §614, et seq. is entitled to an award of costs against the United States.

44. Wherefore, plaintiff demands an award of reasonable cost against the United States by virtue of the EAJA in an amount of her cost and expenses incurred by their action.

DATE: 4/2/08

_____
Theresa A. McGill


PATRICK HENRY LLP

_____
Lawrence B. Manley, Esq.
5900 Princess Garden Parkway
Suite 640
Lanham, Maryland 20706
Bar Number: 379702
(240) 296-3488
Fax:(240) 296-3487

Jury Demand

Plaintiff request a trial by jury on all counts

_____
Lawrence B. Manley, Esq.

14

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
THERESA McGILL
11101 Georgia Avenue, Apt. 505
Wheaton, Maryland 20902

### DEFENDANTS
Lurita Doan, Administrator
General Services Administration)
U.S. General Services Administration)
1800 F Street, NW
Washington, DC 20405

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lawrence B. Manley, Esq.
5900 Princess Garden Parkway
Suite 640
Lanham, Maryland 20706

Case: 1:08-cv-00948
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/3/2008
Description: Employ. Discrim.

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*     OR     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/*<br>*2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment*<br>*Discrimination*<br><br>☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY*<br>*ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA*<br>*(non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights*<br>*(non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. and under Title VII of the Civil Rights Act of 1964, as amended, 29 C.F.R.§

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE June 2, 2008   SIGNATURE OF ATTORNEY OF RECORD  [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.